# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MANUEL G. TORRES,

          Plaintiff,

v.                                      No. 2:17-cv-00765-KRS-GBW

DET. CHRISTINE MURILLO,
DET. MELINDA HOBBS, CORP.
JAIMIE SERRANO a/k/a Officer Serrano,
CHIEF OF POLICE ED REYNOLDS,
CHIEF DEPUTY DISTRICT ATTORNEY
G. GEORGE ZSOKA, SILVER CITY POLICE
DEPARTMENT and TOWN OF SILVER CITY,

          Defendants.

## ORDER GRANTING IN PART DEFENDANT G. GEORGE ZSOKA'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on Defendant Chief Deputy District Attorney

G. George Zsoka's motion for summary judgment on the basis of absolute and/or qualified

immunity (Doc. 37). As is relevant here, Plaintiff Manuel Torres, a police officer for the Village

of Santa Clara, sued Zsoka under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act

("NMTCA") after Zsoka unsuccessfully prosecuted Torres in state court for shooting at a motor

vehicle.[1] Zsoka asserts he is immune from suit because his actions were part and parcel of his

job as prosecutor or, alternatively, reasonable under extant law.[2] Torres does not rebut Zsoka's

---

[1] The Court pauses to point out that although Zsoka is named in the complaint's caption, the complaint does not actually describe Zsoka in the "parties" portion of his pleading. (*See* Doc. 1). This practice arguably presents an issue under Federal Rule of Civil Procedure 10 that requires the appropriate naming of parties. Under other circumstances, it could have presented personal-jurisdiction and venue issues. However, because Zsoka has answered without preserving any such defense and invoked an entitlement to immunity as opposed to a Rule 12 ground, Zsoka has likely waived any pleading deficiency. *See Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996) (noting generally that failure to preserve venue or personal jurisdiction in an answer or motion to dismiss waives the issue). Any issue is also moot in light of the ultimate disposition of the motion.

[2] Zsoka also argued that, to the extent he is named in his official capacity, the suit is in essence one against the State of New Mexico and therefore barred by sovereign immunity under the Eleventh Amendment. The Court takes

assertion of absolute or qualified immunity. Instead, Torres asks the Court to delay ruling because he needs discovery to fully respond. *See* Fed. R. Civ. P. 56(d). With the consent of the parties to conduct dispositive proceedings, *see* 28 U.S.C. §636(c), the Court has considered the parties' submissions and applicable law as well as reviewed the record on summary judgment. Having done so, the Court grants Zsoka's motion in part.

## BACKGROUND

On June 21, 2015, Torres hosted a Father's Day barbeque at his home in Silver City, New Mexico. (Def.'s UMF[3] 2; Doc. 1, Compl., ¶¶14, 16). Torres was off duty at the time. (UMF 2; Doc. 1, ¶14). While outside during the festivities, Torres heard arguing nearby, and ultimately gunshots were fired. (*Id.*, ¶ 17). A woman yelled "please stop shooting . . . my brother." (UMF 4; Doc. 1, ¶ 21). From his vantage point, Torres saw gunshots coming from a dark-colored truck that was backing up. (UMF 5; Doc. 1, ¶ 20). Torres, not on duty at time, yelled "stop, police" and shot at the vehicle's back tire in an effort to prevent escape. (UMF 6; Doc. 1., ¶22).

As a prosecutor in New Mexico's Sixth Judicial District, Zsoka soon learned of the events. Zsoka received information from four witnesses that Torres, whom Zsoka knew to be a peace officer, "came out of his (Torres') home with a handgun (not his duty weapon) and shot towards a moving vehicle several times." (UMF 8, Doc. 37-1, Zsoka Aff., ¶ 6). The witnesses were Chris Valencia, Javier Hernandez, Melinda Hobbs, and Michael Salaiz. (UMF 8, Doc. 37-1, ¶5).[4] Zsoka also reviewed "police reports in detail and determined that probable cause existed for the filing of criminal charges" against Torres. (UMF 10, Doc. 37-1, ¶ 8).

---

Torres at his word that he did not intend an official capacity suit against Zsoka. As a result, the Court does not address the issue further.

[3] "UMF" or "undisputed material fact" refers to the separately numbered facts asserted by the moving party as required by the Local Rule.

[4] It appears these individuals may be law enforcement officers and that one, Melinda Hobbs, is a detective with the Silver City Police Department and named defendant in this action. It would have been helpful had their roles been clarified.

On July 21, 2015, Zsoka approved a criminal complaint for filing in the Grant County magistrate court prepared by Detective Hobbs charging Torres with a single count of shooting at or from a motor vehicle contrary to N.M. Stat. Ann. § 30-3-8(B). (UMF 11, Doc. 37-1, ¶¶ 3-4). Zsoka based his approval on Detective Hobbs' sworn statement. (*Id.*). By agreement of the parties, a *nolle prosequi* was later filed allowing Zsoka to charge Torres in the Sixth Judicial District Court. Zsoka prosecuted the case in the state district court until the charge was dismissed following a preliminary hearing on March 17, 2016. (UMF 12; Doc. 1-1, ¶ 50). Zsoka undertook no other activity in connection with the criminal matter. (UMF 14-24, Doc. 37-1, ¶¶10-18).

On July 25, 2017, Torres commenced this federal action alleging various civil rights violations under federal and state law against multiple individuals and entities. (Doc. 1). As it relates to Zsoka, Torres' multicount complaint asserts Zsoka maliciously prosecuted him in violation of Fourth Amendment (Count II); and intentionally and/or negligently failed to conduct a proper investigation, gather evidence, "spoiled" and/or destroyed evidence, and initiated criminal proceedings knowing they lacked probable cause (Count IV). (*Id.*) On December 22, 2017, Zsoka filed the instant motion for summary judgment (Doc. 37) to which Torres responded on February 19, 2018 (Doc. 48). Zsoka submitted a reply (Doc. 64), and briefing is now complete.

## STANDARD

The Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When applying this standard, [the Court] view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Gutierrez v. Cobos*, 841 F.3d 895, 900 (10th Cir. 2016). This traditional standard applies to the assertion of

prosecutorial immunity. Where qualified immunity is concerned, however, "the plaintiff . . . bear[s] the ultimate burden of persuasion at trial" and at the summary judgment stage, the Court must "grant qualified immunity unless the plaintiff can show [with record evidence] (1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct." *Id.*

## ANALYSIS

State prosecutors are immune from suits for money damages when they act as "officer[s] of the court in a quasi-judicial role." *Mink v. Suthers*, 482 F.3d 1244, 1258 (10th Cir. 2007). Where a prosecutor initiates or presents a case in court or undertakes activities that are "intimately associated with the judicial phase of the criminal process," a plaintiff is barred from recovery. *Id.* This "absolute immunity," however, does not extend to a prosecutor who serves as an administrator or police investigator, rather than an advocate. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). To determine whether absolute immunity applies, the Tenth Circuit employs a "functional approach," which focuses on "the nature of function performed, not the identity of the actor who performed it." *Mink*, 482 F.3d at 159. In this case, Zsoka bears the burden of "showing that [immunity] is justified by overriding considerations of public policy." *Forrester v. White*, 484 U.S. 219, 224 (1988).

Although a state prosecutor who performs "police-like" functions is not entitled to absolute protection, the prosecutor still enjoys a "qualified immunity." *Stanley v. Gallegos*, 852 F.3d 1210, 1217 (10th Cir. 2017). This immunity "shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 1227 (internal alterations omitted) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To overcome qualified immunity, the plaintiff must prove (1) that the defendant

violated plaintiff's constitutional rights, and (2) the right at issue was clearly established at the time of the violation. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

### *Immunity analysis*

Count I of the complaint alleges that Zsoka violated Torres' Fourth Amendment rights by maliciously prosecuting him. Zsoka "recklessly misrepresented the truth and/or forwarded deliberate falsehoods in initiating a criminal complaint and action against Plaintiff without probable cause."[5] (Doc. 1, ¶72). Zsoka also allegedly fabricated and filed an affidavit based on reckless or deliberately falsely information," which "excluded known, exculpatory evidence." (*Id.*). Zsoka adduces record support that contradicts these allegations. It appears to the Court that all Zsoka did in connection with Torres' criminal case is review witness statements, approve a criminal complaint filed in the magistrate court, and then later initiate charges in the state district court after the matter was dismissed in the magistrate court. In district court, Zsoka prosecuted the case until it ended at the preliminary-hearing stage. Torres does not rebut these facts or Zsoka's lengthy declaration where he specifically denies mispresenting facts or failing to disclose evidence.

Zsoka has, therefore, met his burden on summary judgment to show he is entitled to absolute immunity for filing charges in the state district court and prosecuting the case until dismissal at the preliminary hearing. *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997) (explaining that "activities in connection with the preparation and filing of . . . charging documents" such as a criminal information and motion for an arrest warrant are protected by absolute immunity). Whether Zsoka enjoys absolute immunity for his "approval" of the

---

[5] Zsoka is not actually named except as part of the collective term "Defendants." The Tenth Circuit has warned of such pleading practices in Section 1983 cases because "they typically include complex claims against multiple defendants" and it is imperative that each defendant have notice of what specifically the defendant is alleged to have done to violate a clearly established constitutional right. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008). Had Torres properly pleaded his claim, it would have assisted the Court in undertaking the analysis.

criminal complaint is not as clear. Although Zsoka does not attach the form, the criminal complaint is in the record. That instrument reflects Detective Hobbs signature as "the complainant" and notes toward the bottom "Approved: telephonically Name: Zsoka Title: Chief Deputy DA." (Doc. 48-3, Criminal Compl.). The purpose of the approval according to the form[6] is to allow the complaint to "be filed without the prior payment of a filing fee." (*Id.*). The approval for purposes of avoiding prepayment need not come from the district attorney; a law enforcement officer authorized to serve an arrest or search warrant may also sign. (*Id.*).

In the Court's view, the most plausible reading of the term "approved" in the criminal complaint is that the form has been reviewed to ensure some minimal standard of legal sufficiency is satisfied to avoid paying a filing fee. In that sense, the function the person approving is as an officer of the court attesting to adequacy, which is "intimately associated with the judicial phase of the criminal process." *Mink v. Suthers*, 482 F.3d 1244, 1258 (10th Cir. 2007). Another interpretation is that approval is an official decision that the case will be prosecuted, although the form itself makes clear that it may still be filed without the endorsement of a qualified individual. In that event, an official decision to prosecute has historically enjoyed absolute immunity.[7] *See Imbler*, 424 U.S. at 431. So long as Zsoka did not attest to facts

---

[6] The criminal complaint is based on a New Mexico Supreme Court approved form, 6-201 and 9-201. Both contain the same block for approval and language as to the purpose of approval—to avoid prepayment of a filing fee. The Court is unable to discern any other purpose or legal authority for the approval portion of the criminal complaint.

[7] Alternatively, to the extent Zsoka's approval certified factually that probable cause existed, Zsoka would be entitled to qualified immunity. *See Kalina*, 522 U.S. at 130 (explaining that a declaration of probable cause is more akin to the function of a complaining witness and not entitled to absolute immunity). Under the qualified immunity analysis, Torres has the initial burden of presenting facts and identifying legal precedent to show Zsoka deprived Torres of a constitutional right that was clearly established as of June 21, 2015. *Gutierrez*, 841 F.3d at 903 (requiring the plaintiff to show a reasonable jury could find facts supporting a violation of a constitutional right and to cite to on-point decisional law clearly placing a reasonable officer on notice that at the time of the alleged deprivation, his conduct was unconstitutional). Torres has not done so here. The only evidence shows that Zsoka reviewed statements by witnesses and police reports in concluding Torres violated N.M. Stat. Ann. § 30-3-8(B). In his complaint, Torres admits he discharged a weapon at a vehicle. Without citation to precedent plainly forbidding prosecution on these facts or other record support showing Zsoka knew the witnesses were lying and certified the charges anyway, the Court must grant Zsoka's motion for summary judgment.

supporting the criminal charges, the Court concludes that Zsoka's approval was in his capacity as a prosecutor and entitled to immunity.

### *Rule 56(d) analysis*

Torres contends that he needs discovery to controvert Zsoka's version of events and properly respond to the motion for summary judgment. Federal Rule of Civil Procedure 56(d) allows the Court to permit discovery before ruling on a motion "when facts are unavailable to the non-movant." Under the rule, the party must "show[] by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition[.]" Fed. R. Civ. P. 56(d). The declaration or affidavit must "explain[] why facts precluding summary judgment cannot be presented" and "identify[] the probable facts not available and what steps have been taken to obtain these facts." *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (citation omitted). The party seeking discovery "must also explain how additional time will enable him to rebut the movant's allegations of no genuine issue of material fact." *Id.* Qualified immunity heightens the Rule 56(d) inquiry. *See Lewis v. City of Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990). The plaintiff's application "must demonstrate how discovery will enable [him] to rebut a defendant's showing of objective reasonableness" and establish "a connection between the information [sought] in discovery and the validity of the . . . qualified immunity defense." *Id.* at 759. "[R]elief should not be granted when the desired discovery would not meet the issue on which the moving party contends there is no genuine factual issue." *Jones v. City of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988).

Torres has not satisfied this standard. In her affidavit, Torres' attorney claims "[d]iscovery is . . . needed as to all factual issues raised in the Motions for Summary Judgment." (Doc. 48-4, Richard's Aff., ¶4). As for Zsoka specifically, counsel avers discovery is necessary to: (1) test Zsoka's recollection generally and that he did not visit the crime scene; (2) understand

Zsoka's statement that his did not "influence the investigation"; (3) determine why Zsoka believes the search-warrant affidavit did not contain false information and what steps he took in "reasonable inquiry"; (4) ascertain if Zsoka was reasonable in inquiring into the information witnesses provided; (5) clarify Zsoka's role in providing oversight and guidance to officers seeking warrants and initiating criminal charges; (6) determine if Zsoka knew of, or took part in, any destruction of evidence outside of Torres' home; and (7) understand what Zsoka relied on when, and what role he played in, initiating the criminal complaint(s). (*Id.*, ¶¶5-12).

While all of these are prudent avenues to pursue, Torres does not identify what steps he took to try and obtain this information he now seeks. Nor does Torres actually say what probable facts he will obtain from this discovery. *See Stark-Romero v. AMTRAK Co.*, 805 F. Supp. 2d 1145, 1184-85(D.N.M. 2011) (failure to identify probable facts is fatal to a Rule 56(d) application). The Court could certainly guess at what Torres hopes he might learn and speculate as to the nexus between and that information and the doctrine of absolute immunity. That burden, however, is specifically reserved to Torres as is the requirement that he explain how discovery will overcome Zsoka's assertion of immunity. The Court therefore concludes that a lack of discovery is not a bar to granting Zsoka's motion for summary judgment.

### *Supplemental jurisdiction*

The only remaining cause of action relating to Zsoka is Count IV under New Mexico law. The Court declines to exercise supplemental jurisdiction over this claim. *See* 28 U.S.C. § 1367(c)(3); *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009)("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). Although the decision is discretionary, it is favored practice to "dismiss supplemental state law claims after all of the federal claims have been dismissed." *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002). The Court

does not discern any reason to depart from this general rule in this case.  The Court therefore dismisses Count IV without prejudice.

## CONCLUSION

For the reasons stated above, Zsoka is entitled to absolute immunity for initiating, prosecuting, and approving charges.  Torres has not made the requisite showing that he is unable to respond to Zsoka's motion for summary judgment and needs discovery to properly do so.

**IT IS, THEREFORE, ORDERED** that Zsoka's motion for summary judgment (Doc. 37) is **GRANTED IN PART** and all federal claims against him are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all claims arising under New Mexico law against Zsoka are **DISMISSED WITHOUT PREJUDICE**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent