IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANUEL TORRES,

      Plaintiff,

                                        Case No. 2:17-cv-00765-KRS-GBW

v.

DET. CHRISTINE MURILLO;
DET. MELINDA HOBBS; CORP. JAIMIE SERRANO
a/k/a Officer Serrano, CHIEF OF POLICE ED REYNOLDS;
CHIEF DEPUTY DISTRICT ATTORNEY G. GEORGE ZSOKA;
SILVER CITY POLICE DEPARTMENT;
and TOWN OF SILVER CITY,

      Defendants.

## ORDER GRANTING IN PART DEFENDANT SILVER CITY, DETECTIVES CHRISTINE MURILLO AND MELINDA HOBBS, ED REYNOLDS, AND SILVER CITY'S MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on Defendant Detectives Melinda Hobbs and Christine Murillo, Chief Ed Reynolds, Silver City Police Department, and the Town of Silver City's (collectively Silver City Defendants) motion for judgment on the pleadings or summary judgment. (Doc. 76). On June 21, 2018, the Court entered an amended order granting summary judgment on Torres's federal claims against the individual defendants based on qualified immunity. (Doc. 75). The Silver City Defendants now seek judgment on Counts III, IV, and V largely because this ruling. Without any underlying wrongful conduct, they maintain, Torres cannot demonstrate a basis for holding his employer and supervisor liable under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act. Having considered the parties' submissions and the record, the Court grants in part the Silver City Defendants' motion for summary judgment as to

the federal claims and declines to exercise supplemental jurisdiction over the causes of action arising under state law.

The factual background is set out in the Court's previous order and not repeated here. (Doc. 75). The parties have not submitted additional evidence beyond what is contained in their earlier briefing, and the record is adequate to determine what amounts to a sole issue of law: whether, after the Court's ruling that there was no violation of Torres's clearly established constitutional rights, there remains any basis for supervisory or municipal liability under Section 1983 as alleged in Count III of the complaint against Silver City and Chief Reynolds. Because summary judgment is appropriate for resolving pure issues of law, the Court employs that procedural mechanism in this case.

Section 1983 allows money damages only against "persons" who violate clearly established constitutional rights. 42 U.SC. § 1983. A municipality that simply employs a police officer that engages in wrongful conduct and a supervisor who oversees a subordinate officer do not fall within this definition. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (explaining that "vicarious liability is inapplicable to . . . § 1983 suits"). To recover against a city, the plaintiff must show a municipal policy was "the moving force" behind its officer's deprivation of constitutional rights. *See Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort"); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) ("The 'official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.").

Section 1983 requires "personal participation" to reach a supervisor—the superior's promulgation, creation, implementation, or utilization of a policy "affirmatively linked" to subordinate's alleged constitutional violation. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (explaining that *respondeat superior* does not exist in Section 1983 cases and mere knowledge of a subordinate's wrongdoing is insufficient to establish liability"). In addition to showing that a municipal policy—or a supervisor's personal participation—caused the officer to violate the constitution, the plaintiff must establish "deliberate indifference": actual or constructive notice to the municipality and/or supervisor's that their actions or inactions were "substantially certain" to result in an employee violating constitutional rights, and the municipality and/or supervisor "deliberately cho[se] to disregard the risk of harm." *Schneider*, 717 F.3d at 771 (citation omitted).

As the common denominator, without an underlying constitutional violation by a law enforcement officer, a claim for municipal or supervisory liability fails as a matter of law. *See Gray v. Univ. of Colo. Hosp. Auth.*, 672 F.3d 909, 918 n.7 (10th Cir. 2012) (collecting cases); *Jiron v. City of Lakewood*, 392 F.3d 410, 419 n.8 (10th Cir. 2004) ("[W]hen a finding of qualified immunity is based on a conclusion that the officer has committed no constitutional violation . . . a finding of qualified immunity does preclude the imposition of municipal liability."). In Count III of his complaint, Torres alleges three predicate constitutional violations for which he claims Silver City and Chief Reynolds are liable as a municipality and supervisor: (1) unlawful entry into Torres's home; (2) unlawful seizure of his gun and ammunition; and (3) his malicious criminal prosecution. In its previous order, the Court ruled there was no deprivation of Torres's constitutional rights in connection with the first and third predicates.

(Doc 75). This determination requires entry of judgment as to municipal and supervisory liability premised on law enforcement's entry into Torres's house and ensuing criminal prosecution.

As for the second, remaining predicate for municipal and supervisory liability, the Court did not reach the constitutionality of the seizure of Torres's gun and ammunition. Instead, the Court granted summary judgment on the basis of qualified immunity for this claim because Torres did not carry his burden to show this right was clearly established under the Fourth Amendment. That burden required Torres to identify existing case law would have placed a reasonable law enforcement officer on notice that the Fourth Amendment prohibited the officer from taking custody of a firearm used in a shooting after the officer asked for it and the suspect handed it over without objection. Unlike a finding that no constitutional violation occurred, a determination that a plaintiff's constitutional right is not clearly established does not necessarily preclude a claim of municipal or supervisory liability. *See Cordova v. Aragon*, 569 F.3d 1183, 1193 (10th Cir. 2009).

Silver City and Chief Reynolds acknowledge that they may not automatically be entitled to summary judgment on the second predicate, but nonetheless argue that Torres cannot prove their "deliberate indifference," an additional and necessary element of supervisory and municipal liability. The Court agrees. Although the Tenth Circuit has not confronted this question, the federal courts that have directly considered the intent element where a plaintiff's rights are not clearly established have held for a municipality or supervisor "[t]o be 'deliberately indifferent' to rights requires that those rights be clearly established." *Young v. Cty. of Fulton*, 160 F.3d 899, 904 (2d Cir. 1998) (citation omitted); *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 393 (8th Cir. 2007) (same). Further, "deliberate indifference," as defined in the Tenth Circuit, is synonymous with "actual or constructive notice that [a municipality or supervisor's] action or

failure to act is substantially certain to result in a constitutional violation" and a deliberate choice "to disregard the risk of harm." *Schneider*, 717 F.3d at 767. The Court therefore concludes that if the contours of the right would not be clear to a reasonable officer, and therefore not clearly established, a municipality or supervisor likewise could not be on notice that a custom or policy is certain to result in the deprivation of rights. As a result, Torres is unable to prevail on his claim for supervisory or municipal liability because he cannot establish deliberate indifference. The Court therefore grants summary judgment in favor of Silver City and Chief Reynolds and dismisses Count III with prejudice. Now that the federal causes of action[1] against the Silver City Defendants have been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

**IT IS, THEREFORE, ORDERED** that the Silver City Defendants' motion for judgment on the pleading or summary judgment (Doc. 76) is **GRANTED IN PART**. Silver City and Chief Reynolds are entitled to summary judgment on Count III of Torres's complaint.

**IT IS FURTHER ORDERED** that Count III of the complaint against the Silver City Defendants is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Count IV of the complaint against the Silver City Defendants is **DISMISSED WITHOUT PREJUDICE.**

---

[1] Torres's complaint alleges a stand-alone claim for punitive damages against the Silver City Police Department in Count V. "Punitive damages" is not a cognizable cause of action; it is a request for relief. Even if Torres arguably could plead "punitive damages" as a federal claim, the Silver City Police Department is not a proper defendant. The Department is a subdivision of Silver City, a named defendant in this lawsuit. *See Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D.N.M. 2014) (Albuquerque Police Department was not a separate entity that could be sued; it was merely a department of the City of Albuquerque).

**IT IS FURTHER ORDERED** that Count V of the complaint is **DISMISSED WITH PREJUDICE** to the extent it seeks punitive damages under federal law. Count V is **DISMISSED WITHOUT PREJUDICE** to the extent it seeks punitive damages under state law.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE
Presiding by consent