IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANUEL TORRES,

      Plaintiff,

Case No. 2:17-cv-00765-KRS-GBW

v.

DET. CHRISTINE MURILLO;
DET. MELINDA HOBBS; CORP. JAIMIE SERRANO
a/k/a Officer Serrano, CHIEF OF POLICE ED REYNOLDS;
CHIEF DEPUTY DISTRICT ATTORNEY G. GEORGE ZSOKA;
SILVER CITY POLICE DEPARTMENT;
and TOWN OF SILVER CITY,

      Defendants.

## ORDER GRANTING DEFENDANT JAIME SERRANO'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING COUNT III WITH PREJUDICE

**THIS MATTER** comes before the Court on Defendant Officer Jaime Serrano's motion for summary judgment based on qualified immunity. (Doc. 81). At issue is whether Officer Serrano entered Plaintiff Manuel Torres's home and seized Torres's firearm and magazines in violation of the Fourth Amendment and/or whether Torres's rights were clearly established as of June 21, 2015 when the entry and seizure occurred.[1] In a previous order, the Court afforded

---

[1] Count I of Torres's complaint contains the only allegations against Officer Serrano, as one of the collective "Defendants," and appears to asset several distinct theories: (1) Officer Serrano unlawfully entered Torres's property without a warrant and authority; (2) Officer Serrano unlawfully removed property without a warrant or authority; (3) Officer Serrano unlawfully left property on the hood of a police car, unattended; (4) Officer Serrano made false representations of the truth in support of a subsequent warrant to obtain property; (5) Officer Serrano fabricated and filed an affidavit in support of initiating a criminal complaint based on "recklessly or deliberately false information" that excluded exculpatory evidence; and (6) Officer Serrano did not perform a competent investigation. (*See* Doc. 1). The record discloses, however, that the only action Officer Serrano took related to the entry of the house and receipt of the items of personal property. As Officer Serrano points out, Torres does not identify facts implicating any other theory. Because, on qualified immunity, it is Torres burden to adduce evidence and make legal argument showing a violation of clearly established constitutional rights, the Court does not consider the other theories listed above for which he made no argument at all. *See Gutierrez v. Cobos*, 841 F.3d 895, 901 (10th Cir. 2016).

qualified immunity to co-defendants Silver City Chief of Police Ed Reynolds and Detectives Christine Murillo and Melinda Hobbs. (Doc. 75). In a nutshell, Torres's theory was that the Chief and Detectives instructed Officer Serrano to enter and obtain the gun, which Torres, himself a police officer at the time, used earlier in the evening to shoot at moving vehicle while off duty to thwart what he thought was illegal activity. (*Id.*). Thus, in granting summary judgment, the Court necessarily addressed Officer's Serrano conduct under the Constitution, albeit as a predicate to the Chief and Detectives' liability. (*Id.*). As is relevant here, the Court concluded that Officer Serrano—and therefore the Chief and Detectives—did not violate the Fourth Amendment because Torres consented to Officer Serrano's entry and, under the circumstances, Officer Serrano did not act unreasonably by taking the gun and magazines. (*Id.*).

The material facts remain unchanged from previous briefing. Critical to the Court's analysis then—and now—was that when Officer Serrano approached and opened Torres' screen door and asked after Torres's firearm, Torres motioned with hand for Officer Serrano to come inside. (*See* Doc. 81, Undisputed Material Fact ("UMF") 5 (citing Docs. 34, 70); Doc. 83, at 6 (not disputing fact)). Once inside, Torres gave Officer Serrano the gun with a magazine inside without objection after asking if Officer Serrano needed it. ( *Id.*). Even after confirming Officer Serrano's intent to confiscate the items, Torres handed Officer Serrano another magazine in response to Officer Serrano's command to "gimee." (Doc. 83, Pl.'s Resp. UMF 5). There is no other evidence of coercion or overbearing conduct. In fact, at one point before Officer Serrano exited Torres's home, Torres asked Serrano to "hold up." (Doc. 81, UMF 6). Once outside, the two parted company with a fist bump and Officer Serrano offering assistance if Torres needed it. (*Id.*, UMF 7; Doc. 83, at 6 (not disputing these facts)).

As discussed in the Court's previous order, these undisputed facts do not give rise to a violation of a constitutional right that was clearly established on June 21, 2015, the two elements Torres must demonstrate to overcome Officer Serrano's immunity from suit. (Doc. 75); *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (explaining that "[w]hen a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established."); *Clark v. Edmunds*, 513 F.3d 1219, 1222 (10th Cir. 2008) (holding that this "strict two-part test" must be met before the defendant "bear[s] the traditional burden of the movant for summary judgment [to] show[] . . . there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law") (citation omitted).

As for Officer Serrano's entry, Torres's hand motion would reasonably have been understood as inviting Officer Serrano inside and, therefore, consent under the Fourth Amendment. *See United States v. Pena-Sarabia,* 297 F.3d 983, 985 (10th Cir. 2002) ("One of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent."); *United States v. Guerrero*, 472 F.3d 784, 789-90 (10th Cir. 2007) (explaining that consent "may . . . be granted through gestures or other indications of acquiescence, so long as they are sufficiently comprehensible to a reasonable officer"). The totality of the circumstances reinforces this conclusion: at no point did Torres ask Officer Serrano to leave and even requested Officer Serrano "hold up" as he was exiting. Torres therefore has not established a Fourth Amendment violation, and Officer Serrano is entitled to qualified immunity under the undisputed material facts.

In terms of the alleged seizure of the gun and magazines, the Court, as before, resolves the question on the second prong of the qualified immunity analysis—that Torres did not, and

does not here, point to case law that, as of June 21, 2015, prohibited an officer from taking items of personal property where a suspect hands them over without objection despite whatever coercive force a law enforcement officer presence in a residence might have. *See Gutierrez v. Cobos*, 841 F.3d 895, 901 (10th Cir. 2016) (affirming summary judgement on qualified immunity grounds where "Plaintiffs did not cite case law or make a legal argument to show how any infringement of their constitutional rights violated clearly established law"). Because Torres has not carried his burden to overcome Officer Serrano's qualified immunity, the Court must grant summary judgment in Officer Serrano's favor.

Torres does not seriously contest these points. Instead, Torres urges the Court to deny the motion to give effect to "*res judicata*" principles because the Court denied Officer Serrano's earlier request to dismiss the complaint. *See* Fed. R. Civ. P. 12(b)(6); (Docs. 35 & 72). Torres also argues the motion is fatally flawed because Officer Serrano did not seek concurrence in the relief requested. Finally, Torres insists discovery is necessary to develop his claims. *See* Fed. R. Civ. P. 56(d) (permitting the Court to allow "time . . . to take discovery" if the non-movant shows "it cannot present facts essential to justify its opposition [to summary judgment]"). Torres's arguments lack merit.

In denying Officer Serrano's motion to dismiss, the Court determined that, as afar as Officer Serrano was concerned, Torres had pleaded a plausible cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2011). The Court's determination, therefore, did not address whether Torres had come forward with record evidence demonstrating that Officer Serrano violated Torres's clearly established rights under the Fourth Amendment. In other words, losing a motion to dismiss does not preclude a later motion for summary judgment under any doctrine. The two motions employ very different procedural

standards.  Moreover, *res judicata* has no application to rulings within the same case. *See Plotner v. AT&T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000) (precluding a second lawsuit on the same issues decided in a *previous* suit).

Torres is correct that Local Rule 7.1(a) requires a movant to determine whether his motion is opposed before filing it and include in the motion a good faith recitation that he sought concurrence of the opposing party in the relief requested.  D.N.M.LR-Civ. 7.1(a).  It is undisputed that Officer Serrano did not comply with the Local Rule.  Officer Serrano acknowledges he should have but did not comply with the Local Rule. At any rate, Officer Serrano contends, his earlier motion to dismiss sought similar relief and the parties' respective positions were already known. The Court disagrees that the earlier motion obviated the need to seek concurrence here.  Nonetheless, it is difficult to see how Torres is prejudiced by the lack of compliance.  It obvious to the Court that Torres would not have concurred in Officer Serrano's motion for summary judgment in any event.  Thus, in the interest of resolving the matter on the merits instead of a technical deficiency where there is no appreciable prejudice, the Court rejects Torres's argument under Local Rule 7.1.

As for Torres's final ground for avoiding summary judgment, the Court has already analyzed his request for Rule 56(d) relief on previous occasions and denied it.  Like before, Torres does not offer a meritorious basis here for the Court to delay ruling to allow him to pursue discovery. *See Lewis v. City of Ft. Collins*, 903 F.2d 752, 759 (10th Cir. 1990) (requiring the plaintiff to "demonstrate how discovery will enable [him] to rebut a defendan''s showing of objective reasonableness" and establish "a connection between the information [sought] in discovery and the validity of the . . . qualified immunity defense"); *Jones v. City of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988).  Torres's unsupported claims that Officer Serrano's motion for

summary judgment is premature absent discovery is insufficient under the law, and the Court denies relief under Rule 56(d).

**IT IS, THEREFORE, ORDERED** that Officer Serrano motion for summary judgment (Doc. 81) is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims against Officer Serrano are **DISMISSED WITH PREJUDICE**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE
Presiding by consent